UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 04 CR 372-5 |
| | ) | Judge Charles R. Norgle, Sr. |
| WILLIAM S. COVER | ) | |

## PROTECTIVE ORDER DIRECTING THE INTERLOCUTORY SALE OF CERTAIN PROPERTY SUBJECT TO FORFEITURE

This cause comes before the Court on motion of the United States for entry of a protective order directing the interlocutory sale of certain property pursuant to the provisions of Title 21, United States Code, Sections 853(e)(1) and (g), as incorporated by Title 28, United States Code, Section 2461(c), and the Court being fully informed hereby finds as follows:

(a) On June 24, 2004, a superseding indictment was returned charging defendant WILLIAM S. COVER and others with violations of mail fraud and wire fraud offenses pursuant to the provisions of 18 U.S.C. §§ 1341 and 1343, among other violations;

(b) The superseding indictment sought forfeiture to the United States of specific property pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

(c) Beginning on February 26, 2008, a jury trial was held before this Court;

(d) On May 19, 2008, the jury returned a verdict of guilty against defendant WILLIAM S. COVER as to certain counts of the superseding indictment, including Counts Five through Ten, thereby making the property named in the superseding indictment subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

(e) Defendant WILLIAM S. COVER waived his rights to have the forfeiture allegations in the superseding indictment considered by the jury. It was agreed instead that this Court would

consider matters relating to forfeiture;

(f)     On October 17, 2008, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), this Court entered a joint and several forfeiture judgment against defendant WILLIAM S. COVER in the amount of $4,055,840.36. In addition to the forfeiture judgment in the amount of $4,055,840.36, the following real property was also ordered forfeit:

> 1.   Real property commonly known as 11 S 467 Whittington Lane, Naperville, Illinois ("Whittington property"), legally described as follows:
>
> LOT 116 IN WHEATLAND SOUTH UNIT NO. FOUR, A SUBDIVISION IN THE SOUTHEAST QUARTER OF SECTION 10, TOWNSHIP 37 NORTH, RANGE 9 EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED OCTOBER 17, 1974, AS DOCUMENT R74-25881, AND CERTIFICATE OF CORRECTION RECORDED NOVEMBER 13, 1974, AS DOCUMENT NO. R74-28228, AND CERTIFICATE OF CORRECTION RECORDED NOVEMBER 1, 1974, AS DOCUMENT NO. R74-27326, AND CERTIFICATE OF CORRECTION RECORDED AUGUST 11, 1975, AS DOCUMENT NO. R75-20527, IN WILL COUNTY, ILLINOIS.
>
> PIN: 07-01-10-409-003.

(g)     The Whittington property is currently held in a Land Trust with First State Bank and Trust Company of Palos Hills, Illinois ("Trustee"), under Trust Number 5-506. The Trustee also has a mortgage interest in the Whittington property pursuant to a $100,000 mortgage dated April 13, 2000 and recorded with the Cook County Recorder's Office as Document number R2000039433 on April 19, 2000. The current balance on said mortgage is approximately $70,000;

(h)     Recently, the United States learned that the Trustee and defendant WILLIAM S. COVER have accepted a real estate sales contract to sell the Whittington property for the purchase price of $195,000. WILLIAM S. COVER is the sole beneficiary of Trust Number 5-506 as owner of Sigma Resource Management, LLC. The United States does not object to the sale of the Whittington property. A closing for the sale of the Whittington property will occur shortly after entry of the Court's order;

(i)     In order to preserve the availability of the proceeds from the sale of the Whittington

property, upon satisfaction of all financial responsibilities, including payment of the outstanding mortgage to the Trustee, the United States requests that the proceeds from the sale of the Whittington property, representing the interest of defendant WILLIAM S. COVER, be held in escrow by the United States Department of Treasury, pending further order of the Court;

(j) The United States shall provide a release of *lis pendens* notice to the title company responsible for the closing of the Whittington property and that title company is directed to record the release of *lis pendens* notice once the net proceeds from the sale of the property have been disbursed to the United States Department of Treasury and retained in an escrow account;

(k) Pursuant to 21 U.S.C. § 853(e)(1) and (g), as incorporated by 28 U.S.C. § 2461(c), this Court has jurisdiction to enter orders or to take other action to preserve and to protect property to insure that the property or any equity in the property will be available for forfeiture in the event of conviction.

> Title 21, United States Code, Section 853(g), provides in pertinent part:
>
>> Upon entry of an order of forfeiture under this section, the court shall authorize the Attorney General to seize all property ordered forfeited upon such terms and conditions as the court shall deem proper. Following entry of an order declaring the property forfeited, the court, may upon application of the United States, enter such appropriate restraining orders or injunctions, require the execution of satisfactory performance bonds, appoint receivers, conservators, appraisers, accountants, or trustees, or take any other action to protect the interest of the United States in the property ordered forfeit.

(l) This request for an interlocutory sale is necessary to preserve the availability of the equity in the Whittington property. Failure to take the proposed action, in all probability, will result in economic harm to the value of the subject real property and jeopardize the availability of any equity in the real property for forfeiture to the United States.

(m) The United States requests that this Court enter a protective order directing that the

Whittington property be sold pursuant to the amended sales contract submitted to the government on February 3, 2009, and that the proceeds from the sale of the Whittington property, after payment of certain verifiable costs, be retained in an escrow account maintained by the United States Treasury Department, pending further order of this Court;

(n) On January 29, 2009, George Scully, attorney for First State Bank and Trust Company of Palos Hills, Illinois, stated that he had no objection to the entry of this interlocutory sale motion.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. That the government's motion for entry of a protective order directing the interlocutory sale of the following described real property, pursuant to the provisions of Title 21, United States Code, Section 853(e)(1) and (g), as incorporated by Title 28, United States Code, Section 2461(c), is granted:

> a. Real property commonly known as 11 S 467 Whittington Lane, Naperville, Illinois ("Whittington property"), legally described as follows:
>
> LOT 116 IN WHEATLAND SOUTH UNIT NO. FOUR, A SUBDIVISION IN THE SOUTHEAST QUARTER OF SECTION 10, TOWNSHIP 37 NORTH, RANGE 9 EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED OCTOBER 17, 1974, AS DOCUMENT R74-25881, AND CERTIFICATE OF CORRECTION RECORDED NOVEMBER 13, 1974, AS DOCUMENT NO. R74-28228, AND CERTIFICATE OF CORRECTION RECORDED NOVEMBER 1, 1974, AS DOCUMENT NO. R74-27326, AND CERTIFICATE OF CORRECTION RECORDED AUGUST 11, 1975, AS DOCUMENT NO. R75-20527, IN WILL COUNTY, ILLINOIS.
>
> PIN: 07-01-10-409-003.

It is further ordered,

2. That any mortgage(s) due and owing to First State Bank and Trust Company of Palos Hills, Illinois, including the principal balance(s) and interest due on the note(s) rate, shall be paid,

Furthermore, any outstanding state, county, city or school taxes due and owing shall be paid. Upon satisfaction of all financial responsibilities, the net proceeds from the sale of the Whittington property shall be disbursed to the United States. It is further ordered,

3. That upon the sale of the Whittington property, First State Bank and Trust Company of Palos Hills, Illinois, under Trust Number 5-506, shall execute a trustee's deed to the buyers listed on the amended real estate sales contract dated December 7, 2008;

4. A certified check representing the proceeds from the sale of the Whittington property shall be made payable to the United States Department of Treasury, and sent, via Federal Express, to the U.S. Attorney's Office, 219 S. Dearborn, 5th Floor Chicago, Illinois, Attention: Asset Forfeiture Unit. It is further ordered,

5. That upon receipt of the sale proceeds, the United States shall provide release of *lis pendens* notices to the title company responsible for the closing of the subject real property and that title company is directed to record the release of *lis pendens* notices once the net proceeds from the sale of the property have been disbursed to the United States and retained in an escrow account. It is further ordered,

6. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order

CHARLES R. NORGLE, SR.
United States District Judge

DATED: 2-5-09